IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

KEVIN M. BELLINGER,

    Petitioner,

v.                                                        CIVIL ACTION NO. 2:11-CV-27
                                                        (BAILEY)

TERRY O'BRIEN, Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R [Doc. 8] on April 15, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

1

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on April 25, 2011 [Doc. 11]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

II.   **Factual and Procedural History**

On April 5, 2011, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. The petition contains the following factual allegations. On October 10, 2007, prison officials at United States Penitentiary ("USP") Hazelton transferred the petitioner to the Special Housing Unit ("SHU") and placed him in administrative detention for his alleged involvement in a criminal act on the same date. ([Doc. 1] at 3). In January 2008, after complaining about not being indicted or returned to the general population, the petitioner was told that he would not be released from administrative detention until the criminal case is resolved. (Id.). As relief, the petitioner seeks to be returned to the general population or moved to another USP until the United States Attorney's office indicts him for his alleged involvement in the October 7, 2007, incident. (Id. at 6).

On April 15, 2011, after his initial review, Magistrate Judge Joel filed the instant R&R [Doc. 8], recommending that this Court dismiss the petitioner's § 2241 petition without prejudice to the petitioner's right to file his claims as a civil rights action. Specifically, the

magistrate judge determined that insofar as the petitioner complains about the conditions of his confinement, his claims should be raised pursuant to a civil rights complaint. ([Doc. 8] at 2).

On April 25, 2011, the petitioner filed Objections [Doc. 11] to the instant R&R. Specifically, the petitioner argues that he "is not complaining about the conditions of his confinement but his confinement in Administrative Detention that is not the result of a criminal judgment." ([Doc. 11] at 1-2).

## III.  Discussion

In his Objections, the petitioner argues that his claims concerning his administrative detention are properly raised pursuant to 28 U.S.C. § 2241. Like the magistrate judge, this Court disagrees.

A petition brought pursuant to 28 U.S.C. § 2241 is used to attack the manner in which the sentence is executed. Specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement, not the conditions of that confinement. See *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

In the instant case, the petitioner complains about the conditions of his confinement. In particular, the petitioner's claim relates to where and how he is being housed within the Bureau of Prisons ("BOP") and, accordingly, is not even related to the execution of his sentence. Therefore, the petitioner's claim clearly should have been raised pursuant to a civil rights complaint, instead of as a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2241.

## IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the petitioner's Objections **[Doc. 11]** are **OVERRULED**. Accordingly, the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and the same is hereby **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file his claims as a civil rights action. This case, however, is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 27, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE